U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 04 2007

ROBERT H SHEMWELL, CLERK
BY ________ DEPUTY
SHREVEPORT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| BARBARA NELSON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. ________ |
| | § | |
| vs. | § | |
| | § | |
| MOREHOUSE GENERAL HOSPITAL, DR. JOHN M. LIPKA, and DAVOL INC., | § | **3:07cv0945** |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, to this Court. In support of removal, Davol states as follows:

**I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiff commenced this action with her Petition for Damages ("Petition") filed in the Fourth Judicial District Court, Parish of Morehouse, on or about April 23, 2007. Davol was served with the Petition on May 4, 2007. Davol has not yet answered Plaintiff's Petition.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol (including Plaintiff's Petition) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Fourth Judicial District Court, Parish of Morehouse, where Plaintiff's Petition is pending.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Petition, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Davol is filing a written notice of this removal with the clerk of the Fourth Judicial District Court, Parish of Morehouse, where Plaintiff's Petition is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Davol, the only properly joined defendant. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Davol denies Plaintiff's claims, Davol believes in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for injuries allegedly caused by a defective medical device that was manufactured and sold by Davol and used in Plaintiff's hernia repair. (*See* Pet. ¶ 19 (alleging that Davol, Morehouse General Hospital, and Dr. Lipka are liable for manufacturing/marketing, purchasing, and using "a defective medical device," respectively).) Plaintiff claims that the medical device caused her to experience "extreme abdominal tenderness and pain, nausea and vomiting" (Pet. ¶ 7) and "extreme pain and discomfort" (Pet. ¶ 8), and required that she undergo a second surgery to

remove the medical device, at which time her surgeon noted "closed loop jejunal obstruction secondary to [bowel] adhesions to Kugel type patch with [bowel] perforation and localized peritonitis." (Pet ¶ 11.) Plaintiff alleges that "a small section [of her bowel] had to be removed" because of the device (Pet. ¶ 12), and that she "was left with an unrepaired hernia that [will] require[] another surgery to make the necessary surgical repairs." (Pet. ¶ 14.) Based on those allegations, Plaintiff pursues compensatory damages for past and future pain and suffering, mental anguish and distress, permanent disability, and past and future medical expenses (*see* Pet. ¶ 20), but does not quantify her alleged damages. Nevertheless, the amount-in-controversy requirement is met here, for Plaintiff's pleadings make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

8. On information and belief, Plaintiff is a resident and citizen of the State of Louisiana. (*See* Pet. at 1 (stating that Plaintiff is a "resident and domiciliary of West Carroll Parish, Louisiana").)

9. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

### C. The Remaining Defendants Are Improperly Joined, And Their Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis

10. Although the citizenship of Dr. Lipka and Morehouse General Hospital is unclear from the face of Plaintiff's Petition, even assuming that these putative defendants are citizens of Louisiana, their presence does not destroy this Court's diversity jurisdiction because they are improperly joined as defendants in this case. The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction merely by naming nominal, non-diverse defendants. In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon*, 236 F.3d at 286 n.4). Here, the facts and allegations laid out in Plaintiff's Petition provide not even a theoretical basis for recovery; instead, they provide no basis for recovery against either Dr. Lipka or Morehouse General Hospital, making it clear that these defendants have been improperly joined.

11. To the extent Plaintiff asserts product liability claims against Dr. Lipka and Morehouse General Hospital,[1] those claims are barred by the express language of the Louisiana Product Liability Act. The Louisiana Product Liability Act ("LPLA") "establishes the exclusive theories

[1] The nature of Plaintiff's claims against Morehouse General Hospital are far from clear. Plaintiff's allegations against the Hospital consist entirely of the assertion that the Hospital is liable for "[p]urchasing and making available a defective medical device for use in hernia repair in its hospital." (Pet. ¶ 19.) Plaintiff's claims against Dr. Lipka apparently sound only in negligence, for Plaintiff would hold Dr. Lipka liable for "[n]egligently using and implanting a defective medical device for hernia repair." (Pet. ¶ 19.)

of liability" against the manufacturer of an allegedly defective product. La. Rev. Stat. § 9:2800.52. Under the LPLA, the term "'[m]anufacturer' means a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. Rev. Stat. § 9:2800.53(1). Although the LPLA might permit a product liability action against a "seller" of a product as well, a seller is liable only where he "exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage." La. Rev. Stat. § 9:2800.53(1)(b). Here, then, assuming for the sake of argument that Plaintiff intends to bring Dr. Lipka and/or the Hospital within the LPLA, Plaintiff makes no allegation – nor could she – that either the Hospital or Dr. Lipka were in the business of manufacturing the allegedly defective medical device at issue, or that they exercised any control over the design or construction of the allegedly defective Kugel patch. To the contrary, Plaintiff's allegations correctly recognize that "[t]he Bard Composix Mesh Patch was manufactured by Davol, Inc. and [simply] purchased and/or made available by [the Hospital], and [then simply] used by Dr. John Lipka." (Pet. ¶ 18.) Thus, on their face, Plaintiff's allegations provide no basis for recovery against Dr. Lipka and Morehouse General Hospital under the LPLA. *See Tauzier v. Dodge*, No. 97-2444, 1998WL458184, *4 (E.D. La. Aug. 4, 1998) (denying remand on basis of improper joinder where "[p]laintiff failed to allege any facts that would support a finding that [defendant] was a seller which could be held accountable as a manufacturer under the LPLA").

12. Plaintiff's negligence claims against Dr. Lipka and Morehouse General Hospital similarly provide no basis for recovery. In Louisiana, a non-manufacturer seller can only be held liable for damages in tort if it knew or should have known that the product was defective and failed to notify the purchaser of the defect. *See Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993); *Tauzier*, 1998WL458184, at *4 (citing additional cases). However, Plaintiff's

Petition contains nothing to suggest that either Dr. Lipka or Morehouse General Hospital knew or should have known of a defect in the hernia repair device used in conjunction with her surgery. Absent this knowledge, neither defendant owed Plaintiff a duty of care, and absent allegations providing a factual basis for such knowledge, Plaintiff's negligence claims fail to state a cause of action against Dr. Lipka and Morehouse General Hospital. *See Tantillo v. Cordis Corporation*, No. 04-2005J, 2004 WL 2212113, *2 (E.D. La. Sept. 30, 2004) (finding hospital improperly joined under theory of "seller" liability where lawsuit failed to allege that hospital "knew or should have known" of a product defect); *Tauzier*, 1998 WL 458184, at *4 (denying motion to remand on basis of improper joinder where "[p]laintiff failed to allege any facts that would support a cause of action against [defendant] for negligence").

13. Plaintiff's claims provide no basis for recovery against Dr. Lipka and Morehouse General Hospital for the independent reason that they are precluded by the Louisiana Medical Malpractice Act ("LMMA"). In an analogous context, the Fifth Circuit Court of Appeals has held that claims are barred as a matter of law – and a non-diverse party is improperly joined as a result – where the plaintiff fails to exhaust administrative remedies required by Louisiana or federal statutory law prior to bringing suit. *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387-88 (5th Cir. 2006); *Melder v. Allstate Corp.*, 404 F.3d 328, 332 (5th Cir. 2005). That logic dooms Plaintiff's claims against Dr. Lipka and Morehouse General Hospital. Under the LMMA "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." La. Rev. Stat. § 40:1299.47(B)(1)(a)(i).[2] Thus, if a plaintiff files a malpractice suit against a qualified health care

[2] A "health care provider" includes both individual doctors such as Dr. Lipka, and hospitals, such as Morehouse General Hospital. *See* La. Rev. Stat. § 40:1299.41(A)(1).

Case 3:07-cv-00945-RGJ-KLH Document 1-1 Filed 06/04/2007 Page 7 of 10

provider[3] prior to submitting the claim to the medical review panel, the suit must be dismissed as premature. *Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005WL2037450, at *2 (E.D. La. July 25, 2005) (citing *Todd v. Angelloz*, 844 So. 2d 316, 318-20 (La. Ct. App. 2003) (recognizing that a court "must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel")). Following this line of reasoning, Louisiana federal courts now hold that a healthcare provider is improperly joined if sued before the medical malpractice claim is brought before a medical review panel. *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747, at *3 (E.D. La. May 23, 2006) (denying motion to remand where plaintiff's malpractice claims against doctor were premature, and therefore defendant was improperly joined); *see also Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005). Here then, because Plaintiff has not submitted her malpractice claims against Dr. Lipka and Morehouse General Hospital to a medical review panel, those claims are premature, and that renders Dr. Lipka and Morehouse General Hospital improperly joined.[4] As a result, the "presence [of the improperly joined defendants] must be disregarded for the purposes of determining diversity jurisdiction." *Bourne*, 2005 WL 2998914, at *2.

14. Dr. Lipka and Morehouse General Hospital are improperly joined for the additional reason that the negligence claims against them are barred by the three-year preemptive period.

---

[3] Dr. Lipka and Morehouse General Hospital are and were qualified health care providers under the LMMA. *See* Ex. B (certificates demonstrating Dr. Lipka's and Morehouse General Hospital's enrollment in Louisiana's Patient Compensation Fund).

[4] Plaintiff agreed to a consent judgment dismissing her claims against Dr. Lipka and Morehouse General Hospital, thus acknowledging that her claims against these defendants are premature and therefore barred as a matter of law. That consent order, attached hereto as Exhibit C, was submitted to the state court judge on May 16, 2007.

Although Louisiana law generally provides a one year statute of limitations period for a plaintiff to bring a malpractice suit, Louisiana superimposes a three year period within which all suits must be brought. *See* La. Rev. Stat. § 9:5628 ("No action for damages for injury or death against any physician . . . [or] hospital . . . shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect."). Here, Plaintiff alleges that her hernia surgery, in which the allegedly defective device was implanted, occurred in "March of 2004." (Pet. ¶ 2.) Applying Louisiana's three-year preemptive period, Plaintiff's claims against Dr. Lipka and Morehouse General Hospital were barred as a matter of law beginning in March of 2007, one month before suit was brought.

15. For the foregoing reasons, the facts and allegations set forth in Plaintiff's Petition provide no basis for recovery against Dr. Lipka and Morehouse General Hospital. Consequently, these entities are improperly joined as defendants in this action, and this Court must disregard the citizenship of both Dr. Lipka and Morehouse General Hospital for purposes of its jurisdictional analysis. Complete diversity of citizenship exists between Plaintiff and Davol, the only party properly joined as a defendant in this action.

WHEREFORE, Defendant Davol Inc. respectfully removes this action from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Davol respectfully requests an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: June 1, 2007

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: David M. Melancon

JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504 310-2100
Facsimile: (504) 310-2101

*Attorneys for Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 1st day of June, 2007, a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record by facsimile/mail

BY: David M. Melancon

DAVID M. MELANCON (No. 23216)