U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 04 2007

ROBERT H. SHEMWELL, CLERK
BY __________ DEPUTY
SHREVEPORT

3:07cv0945

FILED & RECORDED
CLERK & RECORDER
MOREHOUSE PARISH, LA.

APR 23 4 13 PM '07
/S/ MICHELLE ANDERS
BY

STATE OF LOUISIANA § PARISH OF MOREHOUSE

FOURTH JUDICIAL DISTRICT COURT

BARBARA NELSON

FILED: ______________

VERSUS NO. 2007-255

MOREHOUSE GENERAL HOSPITAL,
ET AL

______________
DEPUTY CLERK OF COURT

---

**PETITION FOR DAMAGES**

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff, BARBARA NELSON, a major resident and domiciliary of West Carroll Parish, Louisiana, and respectfully represents:

1.

Made Defendants herein are:

(a) MOREHOUSE GENERAL HOSPITAL, a medical corporation licensed to do and doing business in the State of Louisiana, whose principal place of business is Bastrop, Morehouse Parish, Louisiana;

(b) DR. JOHN M. LIPKA, a medical doctor residing in and/or practicing in Morehouse Parish, Louisiana.

(c) DAVOL, INC., a subsidiary of C. R. BARD, INC., a business corporation domiciled in the State of Rhode Island.

2.

Plaintiff, BARBARA NELSON, underwent surgery for a hernia repair in March of 2004 at MOREHOUSE GENERAL HOSPITAL in Bastrop, Louisiana.

3.

As part of the hernia repair, a Bard Composix Kugel Mesh Patch was implanted at the time of surgery to prevent the hernia from breaking through again.

4.

The patch, which is positioned behind the hernia injury through an incision, is held open by a "memory recoil ring" that allows it to be folded for insertion then sprung open and lay flat once it is in place.



ASSIGNED TO SECTION 4

5.

The "memory recoil ring" is designed to keep the patch closed until after it has been inserted in the body.

6.

The primary purpose of the patch is to stop the hernia from breaking through weakened tissue walls, specifically in instances when stomach muscles are very fragile.

7.

In the ensuing weeks and months after the above surgical procedure had been completed, Plaintiff, BARBARA NELSON, began to experience extreme abdominal tenderness and pain, nausea and vomiting.

8.

Because of these continuing difficulties and extreme pain and discomfort, a CT scan of her abdomen was taken on April 22, 2006 at Morehouse General Hospital.

9.

Surgery was performed at MOREHOUSE GENERAL HOSPITAL on April 22, 2006, and the Kugel mesh patch was removed.

10.

The "memory recoil ring" had separated where joined or simply broke.

11.

The postoperative diagnosis was closed loop jejunal obstruction secondary to adhesions to Kugel type patch with perforation and localized peritonitis.

12.

The bowel was also damaged and a small section had to be removed.

13.

In completing the surgery, it was determined that the ventral hernia was so large that the surgeon could not get the intestines back into the small true abdominal cavity and the surgeon elected to leave the hernia unrepaired and closed the anterior fascia partially since some of it had to be removed due to

contamination.

14.

Following the surgery to remove the defective patch, Plaintiff was left with an unrepaired hernia that required another surgery to make the necessary surgical repairs.

15.

Plaintiff was advised that her surgery on April 22, 2006 to remove the patch, should heal before attempting another hernia repair.

16.

Due to continuing symptoms and complaints, Plaintiff has suffered greatly.

17.

The Bard Composix Kugel Mesh Patch has been recalled by the Food and Drug Administration due to the probability of potentially catastrophic failure of the device.

18.

The Bard Composix Mesh Patch was manufactured by DAVOL, INC. and purchased and/or made available by MOREHOUSE GENERAL HOSPITAL, and used by Dr. John Lipka who implanted the device during the hernia repair in March 2004.

19.

The Defendants herein are jointly and solidarily liable unto Petitioner, including but not limited to the following:

DAVOL, INC.

Manufacturing and marketing a defective medical device for use in hernia repair.

MOREHOUSE PARISH HOSPITAL

Purchasing and making available a defective medical device for use in hernia repair in its hospital.

DR. JOHN M. LIPKA:

Negligently using and implanting a defective medical device for a hernia repair.

20.

Plaintiff itemizes her damages she has and will suffer as follows:

(a) past and future physical pain and suffering;

(b) past and future mental anguish and distress;

(c) permanent disability; and

(d) past and future medical expenses.

WHEREFORE, Plaintiff, BARBARA NELSON, prays for judgment against Defendants, MOREHOUSE GENERAL HOSPITAL, DR. JOHN M. LIPKA and DAVOL, INC., a subsidiary of C.R. BARD, INC., individually and jointly, and any and all other equitable relief, together with legal interest on the amounts prayed for from date of judicial demand until paid, and for all costs of these proceedings.

Respectfully submitted,

ANTHONY J. BRUSCATO BRN 3611

(A PROFESSIONAL LAW CORPORATION)
2011 HUDSON LANE
POST OFFICE BOX 2374
MONROE, LOUISIANA 71207-2374
(318) 325-7577
FACSIMILE (318) 325-7532
ATTORNEY FOR PLAINTIFF

Please Serve:

Morehouse General Hospital
323 W. Walnut Avenue
Bastrop, LA 71220

John Lipka, M.D.
425 S. Vine Street
Bastrop, Louisiana 71220

Davol, Inc., a subsidiary of
C.R. Bard, Inc.,
through the Louisiana Long Arm Service,
agent for service,
CT Corporation System
10 Weybosset Street
Providence, RI 02903

A TRUE COPY
DY CLERK 4th DIST. COURT
EX-OFF RECORDER
MOREHOUSE PARISH LA