**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| BARBARA NELSON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:07 cv 0945 |
| | § | |
| vs. | § | Judge Robert G. James |
| | § | |
| MOREHOUSE GENERAL HOSPITAL, | § | |
| DR. JOHN M. LIPKA, and DAVOL INC., | § | Magistrate Judge Hayes |
| | § | |
| Defendants. | § | |
| | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND REQUEST FOR JURY TRIAL**

Defendant Davol Inc. ("Davol"), by and through counsel of record, hereby answers Plaintiff's Petition ("Complaint"), paragraph by paragraph, as follows:

1. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the same.

2. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

3. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the same.

4. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies the same.

5. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.

6. Davol lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies the same.

7. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

8. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

9. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

10. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the same.

11. Davol admits that on three occasions it voluntarily recalled certain larger-sized Composix® Kugel® Hernia Patches due to the potential for PET memory recoil ring breakage. Davol denies each and every remaining allegation in paragraph 17.

12. Davol admits that at various times it manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the same.

13. The allegations contained in paragraph 19 are conclusions of law to which no response is required. To the extent a response is required, Davol denies each and every allegation contained in paragraph 19.

14. The allegations contained in paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Davol denies that Plaintiff has suffered any injuries or damages as a proximate result of its conduct or the use of its product.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. Defendant specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of products liability recovery set forth in the Act.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Davol in whole or in part.

4. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Davol in whole or in part.

5. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

6. Applicable statutes of limitations or prescriptive / preemptive statutes, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part. Defendant specifically

avers that the claims of Plaintiff are barred by the provisions of Louisiana Civil Code Article 3492 in that suit was not commenced within one (1) year from the date of injury or damage.

7. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Davol, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. Plaintiff is responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and therefore Plaintiff's right to recover is diminished in an amount based upon their individual relative degree of fault.

11. If Plaintiff used a product sold by Davol, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The Learned Intermediary Doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Davol has no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Davol specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative/contributory negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Davol product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Davol's due process, equal protection and other rights under the United States Constitution, and any other applicable law.

27. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Louisiana law and/or other applicable laws.

28. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury as to all issues.

**WHEREFORE,** Defendant Davol Inc. demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: June 11, 2007

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: /s/ James B. Irwin
JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504 310-2100
Facsimile: (504) 310-2101

*Attorneys for Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of June, 2007, a true and correct copy of the foregoing Answer has been served upon counsel of record via electronic filing.

BY: /s/ James B. Irwin
JAMES B. IRWIN, T.A. (No. 7172)